UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEROME STELLY and NADEAN BAILEY, individually and on behalf of, JEROME STEVENSON<br>     Plaintiffs | Civil Action<br>Case No. 1:24-cv1501 |
| versus | Judge Doughty |
| BYRON ONEAL WHITE and FRANK OVERBEY III, individually and in their capacities as duly commissioned law enforcement officers for Avoyelles Parish Parish, BRUCE CAZELOT, individually and in his capacity as the warden of the Avoyelles Parish Detention Facility 1, SHERIFF DAVID L. DAUZAT, AVOYELLES PARISH POLICE JURY, STATE OF LOUISIANA by and through the LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, and ABC INSURANCE CO.<br>     Defendants | Magistrate Judge Perez-Montes<br><br>JURY TRIAL REQUESTED |

## AMENDED COMPLAINT

NOW COME, through undersigned counsel, Plaintiffs, Dalesha Christopher and Nadean Bailey, on behalf of Jerome Stevenson, Jr., who for their Amended Complaint respectfully aver:

## INTRODUCTION

1. This is a wrongful death and survival action for money damages pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Louisiana against Byron Oneal White and Frank Overbey III, individually and in their capacities as duly commissioned law enforcement officers for Avoyelles Parish, Bruce Cazelot, individually and in his capacity as the duly commissioned warden of the Avoyelles Parish Detention Facility 1, and Sheriff David L. Dauzat, Sheriff of Avoyelles Parish.

## JURISDICTION

2. Jurisdiction in this matter is pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202. Plaintiff further invokes jurisdiction of this Court under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including, but not limited to, article 2315, *et seq.*, of the Louisiana Civil Code and the Louisiana Constitution of 1974.

## VENUE

3. Venue lies in this Court under 28 U.S.C. §§ 1391(b)(1) and (2), as the events giving rise to this claim occurred within this judicial district.

## PARTIES

4. Plaintiff, Dalesha Christopher, is a person of full age of majority and a citizen of the Parish of Vermilion, State of Louisiana. Dalesha Christopher is the mother and natural tutrix of Jerome Stevenson, Jr., a minor and the natural son of Jerome Stevenson (deceased).

5. Plaintiff, Nadean Bailey, is a person of full age of majority and a citizen of the Parish of Rapides, State of Louisiana. Nadean Bailey brings this action in her capacity as the legal custodian of Jerome Stevenson, Jr., a minor and the natural son of Jerome Stevenson (deceased).

6. Made Defendants herein are:

   (1) BYRON ONEAL WHITE, upon information and belief, a person of full age of majority and a citizen of the Parish of Avoyelles, State of Louisiana, sued individually and in his official capacity as a law enforcement officer for Avoyelles Parish and/or the Avoyelles Parish Sheriff's Office, who can be served at his place of employment, the Avoyelles Parish Sheriff's Office, located at 675 Government Avenue, Marksville, Louisiana 71351;

(2) FRANK OVERBEY, III, upon information and belief, a person of full age of majority and a citizen of the Parish of Avoyelles, State of Louisiana, sued individually and in his official capacity as a law enforcement officer for Avoyelles Parish and/or the Avoyelles Parish Sheriff's Office, who can be served at his place of employment, the Avoyelles Parish Sheriff's Office, located at 675 Government Avenue, Marksville, Louisiana 71351;

(3) BRUCE CAZELOT, upon information and belief, a person of full age of majority and a citizen of the Parish of Avoyelles, State of Louisiana, sued individually and in his official capacity as the warden of the Avoyelles Parish Detention Facility 1 and as a law enforcement officer for Avoyelles Parish and/or the Avoyelles Parish Sheriff's Office, who can be served at his place of employment, the Avoyelles Parish Sheriff's Office, located at 675 Government Avenue, Marksville, Louisiana 71351;

(4) SHERIFF DAVID L. DAUZAT, a person of full age of majority and a citizen of the Parish of Avoyelles, State of Louisiana who, at all times relevant herein, was and remains the duly elected Sheriff for the Parish of Avoyelles, State of Louisiana and is the chief law enforcement officer for the Parish of Avoyelles. He is the head of the Avoyelles Parish Sheriff's Office and, as Sheriff, he is the final policymaker. He is responsible for the staffing, supervision, administration, policies, practices, procedures, and customs of Avoyelles Parish Sheriff's Office and the Avoyelles Parish Detention Center 1. He is responsible for the hiring, training, supervision, discipline, and control of the Avoyelles Parish Sheriff's Office and Avoyelles Parish Detention Center 1 staff, supervisors, and deputies. He is the employer of the officers involved as Defendants in this lawsuit and is liable both directly and vicariously for

his own actions and the actions of said officers complained of herein. He is sued in his individual and official capacities. In his official capacity, he is a public entity organized in the State of Louisiana and providing services in Avoyelles Parish, Louisiana. He has capacity to sue and be sued, acting under color of state law and is a person for purposes of a 42 U.S.C. § 1983 action, which can be served at his place of employment, the Avoyelles Parish Sheriff's Office, located at 675 Government Avenue, Marksville, Louisiana 71351;

(5) The AVOYELLES PARISH POLICE JURY ("Parish of Avoyelles") is a political subdivision of the State of Louisiana, created and existing under the laws of the State of Louisiana to govern the Parish of Avoyelles. Upon information and belief, the Avoyelles Parish Police Jury provides financial support through the collection of sales taxes and other revenue sources to the Avoyelles Parish Sheriff's Office for the operation, maintenance, and control of the Avoyelles Parish Detention Center 1 and its employees, officers, and personnel, and is therefore liable both directly and vicariously for its own actions and the actions of said officers and jail personnel defendants complained of herein. The Avoyelles Parish Police Jury was identified in the original Complaint as the Parish of Avoyelles.

(6) The STATE OF LOUISIANA, by and through the LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS ("DPSC"), is being sued insofar as it is vicariously and directly liable for the actions of Defendants White, Overby, Cazelot, and Dauzat pursuant to Plaintiffs' state law claims pleaded herein; and

(7) ABC INSURANCE CO., unidentified insurance companies doing business in this State who provide or provided insurance to Defendants against the kinds of claims pleaded herein.

7.  At all material times, all Defendants were personally acting under the color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of Louisiana and/or Avoyelles Parish.

8.  Defendants' actions were committed while acting within the scope of their employment with Avoyelles Parish and were done knowingly, recklessly, intentionally, wantonly, callously, and/or with deliberate indifference, negligence, and/or gross negligence.

9.  All Defendants are liable jointly, severally, and *in solido* to Plaintiffs.

10. The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

## FACTS

11. At all material times, Jerome Stevenson was incarcerated in the Avoyelles Parish Detention Center 1 in Marksville, Louisiana. On or about November 3, 2023, Mr. Stevenson and his cellmate got into an argument. A corrections officer intervened and apparently was injured in the process. Thereafter, Jerome Stevenson remained incarcerated in the Avoyelles Parish Detention Center 1.

12. As a result of the corrections officer being injured, correction officers Byron Oneal White and Frank Overbey III, planned and conspired to retaliate against Jerome Stevenson for his alleged involvement in the guard's injury. Officers White and Overbey planned and conspired to physically assault Jerome Stevenson as "pay back" for his alleged involvement in the prior day's events.

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

13.     Bruce Cazelot, Warden of the Avoyelles Parish Detention Center 1, knew and had reason to know of Officer White and Overbey's plan to physically assault and retaliate against Jerome Stevenson. Warden Cazelot did not intervene or attempt to stop the retaliatory actions planned against Jerome Stevenson, and upon information and belief actively acquiesced and participated. Warden Cazelot, in fact, sent one or more messages to corrections officers directing the arrest of Jerome Stevenson as a "bitch":



14.     This message was received and understood by Officers White and Overbey as instructions and orders from Warden Cazelot to "arrest" Jerome Stevenson by physically assaulting him as payback and retaliation for his alleged involvement in the guard's injury the preceding day.

15.     Later, on or about November 4, 2023, Officers White and Overbey entered Mr. Stevenson's cell for the intended purpose of physically assaulting him. Officers White and Overbey forcefully extracted Jerome Stevenson from his cell and took him to a remote area within the jail without video surveillance cameras to retaliate and apply physical payback. Once there, Officers White and Overbey, along with another inmate, forcibly, violently, and repeatedly struck and brutally beat Jerome Stevenson. According to witness accounts, Warden Cazelot was present for, watched, and participated in some or all these events.

16.     As a result of this beating, Jerome Stevenson suffered catastrophic injuries to his head, brain, brain stem, neck, liver, and abdomen. Jerome Stevenson, in fact, was beaten so forcefully that he suffered brain damage, a lacerated liver, and a severely lacerated pharyngeal wall that caused him to asphyxiate.

17.     Jerome Stevenson was taken by ambulance to several local hospitals for emergent medical care. Although life sustaining measures were attempted, on November 8, 2024, Jerome Stevenson eventually succumbed to his injuries and died. Following an autopsy, Jerome Stevenson's cause of death was determined as "blunt force injuries of head and abdomen and asphyxiation." Jerome Stevenson's death was ruled a homicide.

18.     Initially, Warden Cazelot and Officers White and Overbey falsely denied any involvement in the violent beating of Jerome Stevenson or his death. Warden Cazelot and Officers White and Overby falsely blamed the entire event on another inmate, and actively and purposefully concealed their respective involvement in the beating and death of Jerome Stevenson.

19.     Later, and only after public outcry, outside investigation, and corroborating witness accounts, the Avoyelles Parish Sheriff's Department finally acknowledged that Officers White

and Overbey conspired and participated in the beating and resulting death of Jerome Stevenson. Months later, Officer Overbey was charged with principal to second degree murder and Officer White was charged with malfeasance in office.

20. At all times, Warden Cazelot, Officer Overbey, and Officer White were working under color of law in their respective capacities as a commissioned law enforcement officers for Avoyelles Parish.

21. Jerome Stevenson was brutalized by Officers Overbey and White, and upon information and belief, by Warden Cazelot. The lethal force used against Jerome Stevenson was unprovoked, unjustified, unreasonable, excessive, and in violation of Jerome Stevenson's rights under the United States Constitution and the laws of the State of Louisiana.

## COUNT I

### 42 U.S.C. § 1983 Claim for Excessive Force

*Against Officer Overbey, Officer White, and Warden Cazelot*

22. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

23. Jerome Stevenson was beaten and brutalized by Officer Overbey, Officer White, and upon information and belief, by Warden Cazelot. The lethal force used against Jerome Stevenson was unprovoked, unjustified, unreasonable, excessive, and caused his injuries, and damages for survival and wrongful death.

24. The actions of Officer Overbey, Officer White, and Warden Cazelot were both objectively and subjectively unreasonable because no reasonable officer would believe it was lawful to remove a prisoner from his cell and beat him to death.

25. Acting under color of law, Officer Overbey, Officer White, and Warden Cazelot knowingly, intentionally, recklessly, and with deliberate and callous disregard for Jerome

Stevenson's rights, used excessive force in beating and killing Jerome Stevenson, which deprived Jerome Stevenson of his rights to be free from unreasonable seizure, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

26. The actions and decisions of Officer Overbey, Officer White, and Warden Cazelot in conspiring to carry out this beating in an area of the prison in which there are no cameras demonstrates that they could not have reasonably believed their actions were lawful in light of clearly established law and the actual information they possessed.

27. Plaintiffs seek damages for the nature and extent of Jerome Stevenson's injuries, pre-death pain and suffering, emotional distress, loss of enjoyment of life, medical expenses, wrongful death and survival, punitive damages, and attorney's fees, and for all damages available by law.

## COUNT II

### 42 U.S.C. § 1983 Civil Rights Conspiracy Claim

*Against Officer Overbey, Officer White, and Warden Cazelot*

28. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

29. Defendants Overbey, White, and Cazelot and others yet unknown agreed among themselves and other individuals, to act in concert to deprive Jerome Stevenson of his clearly established rights not to be subjected to excessive force and battery.

30. In furtherance of the conspiracy, Defendants Overbey, White, and Cazelot, and others yet unknown, agreed among themselves to engage in and facilitate numerous overt acts, including but not limited to the following:

    a. Defendants acted in concert to retaliate against Jerome Stevenson as pay back for the prison guard's injury the prior day.

    b. Defendants acted in concert to extract Jerome Stevenson from his jail cell and bring him to a covert location without video surveillance cameras.

    c. Defendants acted in concert to physically assault Jerome Stevenson and beat him to death.

    d. Defendants acted in concert to cover up their roles in Jerome Stevenson's vicious beating and killing.

31. As a direct and proximate result of Defendants' conspiracy and actions in furtherance of that conspiracy, Jerome Stevenson suffered a brutal physical beating that resulted in grievous injuries, his wrongful death, and other damages set forth herein.

## COUNT III

### 42 U.S.C. § 1983 Claim for Supervisor Liability

*Against Warden Cazelot*

32. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

33. Warden Cazelot was personally and directly involved in coordinating and directing the extraction of Jerome Stevenson from his jail cell for the purpose of having his corrections officers employ physical retribution on him. Warden Cazelot knew, or in the absence of his deliberate indifference, recklessness, and gross negligence should have known, that his subordinate officers would deprive Jerome Stevenson of his clearly established constitutional rights through misconduct that included but was not limited to: (a) retaliating against Jerome Stevenson as pay back for the prison guard's injury the prior day; (b) extracting Jerome Stevenson from his jail cell and bringing him to a covert location without video surveillance cameras for the purpose of physically assaulting him; (c) Physically assaulting Jerome Stevenson

and beating him to death; and (d) covering up the roles that he and Officers Overbey and White played in Jerome Stevenson's vicious beating and killing.

34.  Warden Cazelot, the supervisor Defendant, deliberately and/or recklessly failed to supervise his subordinate officers, and by their active and direct participation in and facilitation of his subordinates' misconduct, caused his subordinates to deprive Jerome Stevenson of his clearly established constitutional rights, including but not limited to established rights not to be subjected to excessive force and battery.

35.  Moreover, this supervisor Defendant allowed his subordinates to act with impunity in an environment in which those subordinates were not supervised, disciplined, or trained, and in which those subordinates knew that their violations of Jerome Stevenson's constitutional rights would be facilitated, approved, and/or condoned by the supervisory Defendant.

36.  The supervisory Defendant's actions were in violation of clearly established constitutional law, and no reasonable law enforcement officer would have believed that the supervisory Defendants' actions were lawful.

37.  As a direct and proximate result of the supervisory Defendants' actions, Jerome Stevenson suffered a brutal physical beating that resulted in grievous injuries, his wrongful death, and other damages set forth herein.

## COUNT IV

### 42 U.S.C. § 1983 *Monell* Claim

*Against Warden Cazelot, in His Official Capacity*

38.  Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

39.  Defendant Cazelot, in his official capacity as Warden of Avoyelles Parish Detention Center 1, is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

40. Warden Cazelot was personally and directly involved in coordinating and directing the extraction of Jerome Stevenson from his jail cell for the purpose of having his corrections officers employ physical retribution on him.

41. Warden Cazelot, in fact, sent one or more messages to corrections officers directing the arrest of Jerome Stevenson as a "bitch."

42. Warden Cazelot knew that his subordinate officers would follow his instructions and encouragement to "discipline" Jerome Stevenson "as a bitch" by physically assaulting and beating him as retaliation for his alleged role in the prison guard's injury the day before.

43. Warden Cazelot instituted directly and/or by callous indifference a policy, custom, and practice whereby corrections officers were encouraged to physically assault inmates as a means of "jailhouse discipline," retaliation, and punishment.

44. These actions demonstrate a culture at Avoyelles Parish Detention Center 1 that encouraged officers to physically assault inmates as a means of "jailhouse discipline," retaliation, and punishment. Warden Cazelot and the Avoyelles Parish Sheriff's Department demonstrated deliberate indifference to Jerome Stevenson's constitutional rights by failing to establish policies and procedures that adequately trained, monitored, and supervised the employees of the Avoyelles Parish Detention Center 1 regarding the constitutional duty not to physically assault inmates as a means of "jailhouse discipline," retaliation, and punishment, despite the obviousness that such training, monitoring, or supervision was required in order to prevent constitutional violations.

45. Warden Cazelot and the Avoyelles Parish Sheriff's Department acting in their final policymaking authority and under color of law, demonstrated deliberate indifference to Jerome Stevenson's constitutional rights by adopting and maintaining constitutionally deficient policies

with respect to discharging its obligations under the due process clause, including failing to adequately train, monitor, and supervise the employees of the Avoyelles Parish Detention Center 1 and the Avoyelles Parish Sheriff's Department regarding the constitutional duty not to physically assault inmates as a means of "jailhouse discipline," retaliation, and punishment.

46. This general practice of physically assaulting inmates as a means of "jailhouse discipline," retaliation, and punishment by corrections officers at the Avoyelles Parish Detention Center 1 was so common and well established as to constitute official policy that fairly represented the Avoyelles Parish Detention Center 1 and the Avoyelles Parish Sheriff's Department's official custom, policy, and/or practice.

47. Warden Cazelot and the Avoyelles Parish Sheriff's Department's actions and official policy, practice, and/or custom resulted directly in the use of excessive force, physical assault, and resulting death of Jerome Stevenson, in violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; La. Const. Art. 1.2, 1.5, and 1.16; and 42 U.S.C. § 1983.

## COUNT V

### 42 U.S.C. § 1983 Failure to Intervene Claim

*Against All Individual Defendants*

48. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

49. By their conduct and under color of law, during the constitutional violations described herein, Defendants stood by without intervening to prevent the beating and resulting death of Jerome Stevenson, even though those Defendants had the opportunity to intervene.

50. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to Jerome Stevenson's clearly established constitutional rights.

51. Defendants' actions were in violation of clearly established constitutional law, and no reasonable law enforcement officer would have believed Defendants' actions and conduct were lawful.

52. As a direct and proximate result of Defendants' actions, Jerome Stevenson was violently and brutally physically beaten and died. Defendants are liable and responsible for the resulting injuries, survival, and wrongful death of Jerome Stevenson and other damages alleged herein.

## STATE LAW CLAIMS

## COUNT VI

### Claim for Wrongful Death of Jerome Stevenson

*Against All Defendants*

53. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

54. Plaintiffs hereby bring a claim for the wrongful death of Jerome Stevenson under Louisiana Civil Code article 2315.2.

55. The actions of Defendants described herein caused the death of Jerome Stevenson.

56. Plaintiffs claim all available damages under La. Civ. Code art. 2315.2, including all general damages, medical expenses, burial expenses, funeral expenses, loss of services, society, support, comfort, affection, tutelage, guidance, and loss of earnings.

## COUNT VII

### Claim for Survival Action by Jerome Stevenson

*Against All Defendants*

57. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

58. Plaintiffs hereby bring a survival action arising out of the wrongful death of Jerome Stevenson under Louisiana Civil Code article 2315.1.

59. The actions of Defendants described herein caused the survival and resulting wrongful death of Jerome Stevenson.

60. Plaintiffs claim all available damages under La. Civ. Code art. 2315.1, including Jerome Stevenson's physical pain and suffering prior to death, mental suffering prior to death, fear of impending death, disability, disfigurement, medical expenses, and all emotional distress suffered by Jerome Stevenson from the initiation of the attack upon him until the ultimate time of his death.

## COUNT VIII

### Claim for Vicarious Liability/Respondeat Superior

*Against Defendants Cazelot and Dauzat, in their Official Capacities*

61. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

62. At all times, the individual Defendants were acting within the scope of their employment as agents of their respective agencies and political subdivisions.

63. Consequently, Defendants Cazelot, Dauzat, Parish of Avoyelles, and the State of Louisiana, including DPSC are liable under the doctrine of respondeat superior for all tortious conduct of their employees and agents.

## COUNT IX

### Claim for Negligent and/or Grossly Negligent Supervision

*Against Defendants Cazelot, Dauzat, and the State of Louisiana, including DPSC*

64. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

65. Defendants Cazelot, Dauzat, Parish of Avoyelles, and the State of Louisiana, including DPSC, failed to take due care in supervising the individual Defendants.

66. It was foreseeable that, as a result of this failure, Jerome Stevenson would be viciously beaten and killed as described above.

67. Consequently, Defendants Cazelot, Dauzat, Parish of Avoyelles, and the State of Louisiana, including DPSC, are liable for all tortious conduct of their employees and agents.

## COUNT X

### Claim for Violations of the Louisiana State Constitution

*Against Defendants Cazelot and Dauzat, in Their Official Capacities*

68. Plaintiffs incorporate each of the allegations of this Complaint as if fully set forth herein.

69. The Louisiana State Constitution, like the United States Constitution, guarantees a person's right to be secure in his person and effect from unreasonable seizure, to equal protection of the law, to due process of law, to be free from discrimination, to be free from cruel, excessive, or unusual punishment, to examine public records, and to additional unenumerated rights. *See* La. Const. Art. I, §§ 2, 3, 5, 12, 13, 15, 16, 20, 22, and 24.

70. By reason of the same intentional, malicious, reckless, and deliberate conduct that violated Jerome Stevenson's rights under the United States Constitution, Defendants' conduct violated the rights guaranteed Jerome Stevenson under Article I, §§ 2, 3, 5, 12, 13, 15, 16, 20, 22, and 24 of the Louisiana State Constitution.

71. These violations of the Louisiana State Constitution proximately and directly caused the brutal assault and wrongful death of Jerome Stevenson, and the resulting damages set forth herein.

## PRAYER FOR RELIEF

Plaintiffs demand a jury trial and respectfully request that this Court enter judgment against all Defendants on all counts of this Amended Complaint: (a) awarding Plaintiffs compensatory and punitive damages in amounts to be determined at trial; (b) awarding Plaintiffs costs and reasonable attorneys' fees in this action pursuant to 42 U.S.C. § 1988; and (c) granting such other and further relief as this Court deems just and proper.

Respectfully Submitted,

_____*Joseph S. Piacun*_____
JOSEPH S. PIACUN, T.A. (25211)
Piacun Law Firm LLC
2701 Metairie Road
Metairie, Louisiana 70001
Direct: (504) 943-7601
Telephone: (504) 867-4542
Facsimile: (504) 324-0408
Email: jpiacun@piacunlaw.com
**Attorneys for Plaintiffs**

Certificate of Service

I certify that on February 13, 2025, I served this *Amended Complaint* on all counsel through the Court's CM/ECF electronic filing system.

_____*Joseph S. Piacun*_____