UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DALESHA CHRISTOPHER and NADEAN BAILEY, on behalf of JEROME STEVENSON, JR.** | **CIVIL ACTION NO: 1:24-CV-01501** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BRYON O'NEAL WHITE and FRANK OVERBEY, III, individually and in their capacities as duly commissioned law enforcement officers for Avoyelles Parish Detention Center, ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**ANSWER TO AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Defendants, SHERIFF DAVID L. DAUZAT, SHERIFF OF AVOYELLES PARISH and BRUCE CAZELOT, who deny all allegations of the Complaint, except for those allegations which are admitted, modified or explained, and who, with respect, represent the following:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Complaint does not set out federal subject matter jurisdiction.

1.

It is admitted that the Sheriff and Cazelot were both commissioned. It is further admitted that Cazelot was the Warden of the Avoyelles Parish Detention Center No. 1. It is also admitted that Byron O'Neal White and Frank Overbey, III, were commissioned. All other allegations of Paragraph

1 of the Amended Complaint are denied.

2.

The allegations made in Paragraph 2 of the Amended Complaint are allegations of law which do not require a response; however, in an abundance of caution, all allegations made in Paragraph 2 of the Amended Complaint are denied.

3.

The allegations made in Paragraph 3 of the Amended Complaint are allegations of law which do not require a response; however, in an abundance of caution, all allegations made in Paragraph 3 of the Amended Complaint are denied.

4.

All allegations of Paragraph 4 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

5.

All allegations of Paragraph 5 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

6.

It is admitted that the Sheriff and Cazelot have been named as Defendants. It is further admitted that the Sheriff and Cazelot are of the full age of majority and are citizens of Avoyelles Parish. It is also admitted that Louisiana law sets out the duties and responsibilities of the Sheriff. All other allegations of Paragraph 6 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

7.

All allegations of Paragraph 7 of the Amended Complaint are denied, except to admit that the actions actually taken, but not as alleged, were lawful.

8.

All allegations of Paragraph 8 of the Amended Complaint are denied.

9.

All allegations of Paragraph 9 of the Amended Complaint are denied.

10.

The allegations made in Paragraph 10 of the Amended Complaint do not require a response; however, in an abundance of caution, the allegations made in Paragraph 10 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

11.

It is admitted that on or about November 3, 2023, Jerome Stevenson, Jr., was the aggressor in a fight with another inmate. It is further admitted that the fight occurred inside Avoyelles Parish Detention Center No. 1. It is also admitted that Stevenson remained incarcerated in the Avoyelles Parish Detention Center after his attack on another inmate. All other allegations made in Paragraph 11 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

12.

All allegations of Paragraph 21 of the Amended Complaint are denied.

13.

All allegations of Paragraph 13 of the Amended Complaint are denied.

14.

All allegations of Paragraph 14 of the Amended Complaint are denied.

15.

All allegations of Paragraph 15 of the Amended Complaint are denied.

16.

All allegations of Paragraph 16 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

17.

All allegations of Paragraph 17 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

18.

All allegations of Paragraph 18 of the Amended Complaint are denied.

19.

All allegations of Paragraph 19 of the Amended Complaint are denied.

20.

It is admitted that the actions actually taken by Cazelot, but not as alleged by Plaintiffs, were taken under color of law. In the alternative, and only if the allegations made by Plaintiffs are proven to be true, then, in that event, the actions of Overbey and White were not taken under color of law. All other allegations of Paragraph 20 of the Amended Complaint are denied.

21.

All allegations of Paragraph 21 of the Amended Complaint are denied.

22.

All denials and responses to Paragraphs 1 - 21 are reiterated herein in answer to Paragraph 22 of the Amended Complaint. All other allegations of Paragraph 22 of the Amended Complaint are denied.

23.

All allegations of Paragraph 23 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff.  All other allegations of Paragraph 23 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

24.

All allegations of Paragraph 24 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff.  All other allegations of Paragraph 24 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

25.

All allegations of Paragraph 25 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff.  All other allegations of Paragraph 25 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

26.

All allegations of Paragraph 26 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff.  All other allegations of Paragraph 26 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

27.

All allegations of Paragraph 27 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff. All other allegations of Paragraph 27 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

28.

All denials and responses to Paragraphs 1 - 27 are reiterated herein in answer to Paragraph 28 of the Amended Complaint. All other allegations of Paragraph 28 of the Amended Complaint are denied.

29.

All allegations of Paragraph 29 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff. All other allegations of Paragraph 29 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

30.

All allegations of Paragraph 30 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff. All other allegations of Paragraph 30 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

31.

All allegations of Paragraph 31 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff. All other allegations of Paragraph 31 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

32.

All denials and responses to Paragraphs 1 - 31 are reiterated herein in answer to Paragraph 31 of the Amended Complaint. All other allegations of Paragraph 32 of the Amended Complaint are denied.

33.

All allegations of Paragraph 33 of the Amended Complaint are denied.

34.

All allegations of Paragraph 34 of the Amended Complaint are denied.

35.

All allegations of Paragraph 35 of the Amended Complaint are denied.

36.

All allegations of Paragraph 36 of the Amended Complaint are denied.

37.

All allegations of Paragraph 37 of the Amended Complaint are denied.

38.

All denials and responses to Paragraphs 1 - 37 are reiterated herein in answer to Paragraph 38 of the Amended Complaint. All other allegations of Paragraph 38 of the Amended Complaint are denied.

39.

All allegations of Paragraph 39 of the Amended Complaint are denied.

40.

All allegations of Paragraph 40 of the Amended Complaint are denied.

41.

All allegations of Paragraph 41 of the Amended Complaint are denied.

42.

All allegations of Paragraph 42 of the Amended Complaint are denied.

43.

All allegations of Paragraph 43 of the Amended Complaint are denied.

44.

All allegations of Paragraph 44 of the Amended Complaint are denied.

45.

All allegations of Paragraph 45 of the Amended Complaint are denied.

46.

All allegations of Paragraph 46 of the Amended Complaint are denied.

47.

All allegations of Paragraph 47 of the Amended Complaint are denied.

48.

All denials and responses to Paragraphs 1 - 47 are reiterated herein in answer to Paragraph 48 of the Amended Complaint. All other allegations of Paragraph 48 of the Amended Complaint are denied.

49.

All allegations of Paragraph 49 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff. All other allegations of Paragraph 49 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

50.

All allegations of Paragraph 50 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff. All other allegations of Paragraph 50 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

51.

All allegations of Paragraph 51 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff. All other allegations of Paragraph 51 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

52.

All allegations of Paragraph 52 of the Amended Complaint are denied insofar as they relate to Warden Cazelot and/or the Sheriff. All other allegations of Paragraph 52 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

53.

All denials and responses to Paragraphs 1 - 52 are reiterated herein in answer to Paragraph 53 of the Amended Complaint. All other allegations of Paragraph 53 of the Amended Complaint are denied.

54.

The allegations made in Paragraph 54 of the Amended Complaint are allegations of law which do not require a response; however, in an abundance of caution, all allegations made in Paragraph 54 of the Amended Complaint are denied.

55.

All allegations of Paragraph 55 of the Amended Complaint are denied.

56.

All allegations of Paragraph 56 of the Amended Complaint are denied.

57.

All denials and responses to Paragraphs 1 - 56 are reiterated herein in answer to Paragraph 57 of the Amended Complaint. All other allegations of Paragraph 57 of the Amended Complaint are denied.

58.

The allegations made in Paragraph 58 of the Amended Complaint are allegations of law which do not require a response; however, in an abundance of caution, all allegations made in Paragraph 58 of the Amended Complaint are denied.

59.

All allegations of Paragraph 59 of the Amended Complaint are denied.

60.

All allegations of Paragraph 60 of the Amended Complaint are denied.

61.

All denials and responses to Paragraphs 1 - 60 are reiterated herein in answer to Paragraph 61 of the Amended Complaint. All other allegations of Paragraph 61 of the Amended Complaint are denied.

62.

All allegations of Paragraph 56 of the Amended Complaint are denied.

63.

All allegations of Paragraph 56 of the Amended Complaint are denied.

64.

All denials and responses to Paragraphs 1 - 63 are reiterated herein in answer to Paragraph 64 of the Amended Complaint. All other allegations of Paragraph 64 of the Amended Complaint are denied.

65.

All allegations of Paragraph 65 of the Amended Complaint are denied.

66.

All allegations of Paragraph 66 of the Amended Complaint are denied.

67.

All allegations of Paragraph 67 of the Amended Complaint are denied.

68.

All denials and responses to Paragraphs 1 - 67 are reiterated herein in answer to Paragraph 68 of the Amended Complaint. All other allegations of Paragraph 68 of the Amended Complaint are denied.

69.

The allegations made in Paragraph 69 of the Amended Complaint are allegations of law which do not require a response; however, in an abundance of caution, all allegations made in Paragraph 69 of the Amended Complaint are denied for lack of sufficient information upon which to base a belief.

70.

All allegations of Paragraph 70 of the Amended Complaint are denied.

71.

All allegations of Paragraph 71 of the Amended Complaint are denied.

### THIRD DEFENSE

The Defendants plead that Stevenson was injured by the actions of another inmate and not by any defendant. The actions of the other inmate were superseding/intervening causes of any injury and bar all recovery by any Plaintiff.

### FOURTH DEFENSE

Defendants plead that the actions of the other inmate bar or reduce any recovery by the percentage of fault and/or negligence of the other inmate.

### FIFTH DEFENSE

Defendants affirmatively allege entitlement to the protections and/or immunities afforded by state law, including the protections afforded by LSA-R.S. 9:2798.1.

### SIXTH DEFENSE

Defendants affirmatively allege entitlement to all limitations on damages, interest, and costs, afforded by state law, including LSA-R.S. 13:5106 and 13:5112.

### SEVENTH DEFENSE

Defendants aver that all claims made against them pursuant to 42 U.S.C. § 1983 will be determined to be unfounded and not adequately supported by facts or law; accordingly, pursuant to 42 U.S.C. § 1988, Defendants are entitled to all costs of suit, including reasonable attorney's fees.

### EIGHTH DEFENSE

Further answering, all actions performed by the Defendants were performed in good faith and were believed to be lawful; accordingly, Defendants are immune from liability pursuant to federal

and state qualified immunity.

## NINTH DEFENSE

Further answering, Defendants deny that any Plaintiff has a cause of action, right of action, or is the proper party to bring any claim for the injuries sustained by Jerome Stevenson, Jr.

WHEREFORE, Defendants, SHERIFF DAVID L. DAUZAT, SHERIFF OF AVOYELLES PARISH and BRUCE CAZELOT, pray that:

(1) This Answer be deemed good and sufficient;

(2) After due proceedings are had, there be judgment herein dismissing Plaintiffs' claims at their costs;

(3) Any judgment rendered herein be reduced by the percentage of fault and/or barred by the actions of the other inmate;

(4) For all costs herein, including reasonable attorney's fees; and

(5) For all other just, general and equitable relief.

Respectfully Submitted:

PROVOSTY, SADLER & deLAUNAY, APC
By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
(P): 318/767-3133 / (F): 318/767-9588
ELI J. MEAUX (#33981)
emeaux@provosty.com
(P): 318/767-3118 / (F): 318/767-9588
4615 Parliament, Suite 200 (71303)
P.O. Box 13530
Alexandria, LA 71315-3530
ATTORNEYS FOR DEFENDANTS,
SHERIFF DAVID L. DAUZAT, SHERIFF OF AVOYELLES PARISH and BRUCE CAZELOT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2025, I electronically filed the foregoing ANSWER TO AMENDED COMPLAINT with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

| | |
|---|---|
| Joseph S Piacun<br>Piacun Law Firm<br>2701 Metairie Rd<br>Metairie, LA 70001<br>504-867-4542   Fax: 504-324-0408<br>Email: jpiacun@piacunlaw.com<br><br>Christopher P Lawler<br>Placun & Lawler<br>2701 Metairie Rd<br>Metairie, LA 70001<br>504-867-4542   Fax: 504-599-8579<br>Email: clawler@piacunlaw.com<br>*ATTORNEYS FOR PLAINTIFFS, DALESHA CHRISTOPHER, ON BEHALF OF JEROME STEVENSON, JR & NADEAN BAILEY ON BEHALF OF JEROME STEVENSON, JR* | Joshua J Dara , Jr<br>Steven M Oxenhandler<br>Jonathon Michael Branton<br>Randall Morgan Briggs<br>Gold Weems et al<br>P O Box 6118<br>Alexandria, LA 71307-6118<br>318-445-6471   Fax: 318-445-6476<br>Email: jdara@goldweems.com<br>Email: soxenhandler@goldweems.com<br>Email: jbranton@goldweems.com<br>Email: mbriggs@goldweems.com<br>*ATTORNEYS FOR DEFENDANT, STATE OF LOUISIANA BY & THROUGH LA DEPT OF PUBLIC SAFETY & CORRECTIONS* |

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants:

| | |
|---|---|
| Frank Overbey, III<br>159 Lymon Lane<br>Hessmer, LA 71341<br>318-264-8169<br>PRO SE | |

                              /s/ H. Bradford Calvit
                                   OF COUNSEL