d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DALESHA CHRISTOPHER ET AL, Plaintiff | CIVIL DOCKET NO. 1:24-CV-01501 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| BYRON ONEAL WHITE ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

In this civil rights and wrongful death lawsuit, several motions are pending: (1) a Motion to Dismiss filed by Defendant the Police Jury of Avoyelles Parish ("Avoyelles Parish") (ECF No. 20) (the "Parish Motion to Dismiss"); (2) a Motion to Dismiss (ECF NO. 31) filed by Defendant the State of Louisiana by and through the Department of Public Safety and Corrections (the "State") (the "State Motion to Dismiss"); (3) a Motion to Compel and for Attorney's Fees (ECF No. 33) filed by Plaintiffs Dalesha Christopher ("Christopher") and Nadean Bailey ("Bailey") (collectively, "Plaintiffs"); and (4) a Motion to Stay (Doc. 41) filed by Plaintiffs.

Because there are parallel criminal proceedings pending, and those proceedings overlap substantially with this civil lawsuit, the Motion to Stay (ECF No. 41) is hereby GRANTED. And because the remaining motions will likely be affected, if not rendered moot, during the stay, the Parish Motion to Dismiss (ECF No. 20), the State Motion to Dismiss (ECF No. 31), and the Motion to Compel and for Attorney's Fees (ECF No. 33) are hereby DENIED without prejudice to their refiling.

1

I. <u>Background</u>

On November 8, 2023, Stevenson died from injuries he had suffered several days earlier while in custody at the Avoyelles Parish Detention Center. Plaintiffs allege that O'Neal and White – both correctional officers employed by the Avoyelles Parish Sheriff's Office ("APSO") – assaulted Stevenson because Stevenson had earlier been involved in an altercation resulting in another officer's injury. Plaintiffs also claim that Cazelor knew of, endorsed, watched, and participated in, this assault. Stevenson was treated at several local hospitals, but never recovered.

Plaintiffs Dalesha Christopher ("Christopher") and Nadean Bailey ("Bailey") (collectively, "Plaintiffs"), on behalf of the minor son of decedent Jerome Stevenson. Christopher is the minor son's mother; Bailey is his legal custodian. Plaintiffs named as Defendants Avoyelles Parish, the DPSC, ABC Insurance Co., Officer Byron Oneal White ("White"), Officer Frank Overbey, III ("Overbey"),Warden Bruce Cazelot ("Cazelot"), and Sheriff David L. Dauzat ("Dauzat"). Plaintiffs seek money damages under 42 U.S.C. §§ 1983 and 1988, and for wrongful death, for alleged violations of Stevenson's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Louisiana law.

Criminal charges are pending against White and Overbey in connection with the same incident. These criminal matters remain open and unresolved. Plaintiffs have moved this Court to stay the civil action pending the resolution of these related criminal proceedings. The parties have already encountered significant impediments

in discovery, for instance, given White's and Overby's Fifth Amendment rights during the criminal proceedings.

## II. Law and Analysis

### A. Motion to Stay

It is well-settled that courts possess inherent authority to control the disposition of cases on their dockets, including the authority to stay civil proceedings pending resolution of parallel criminal prosecutions, when the interests of justice so require. *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). Such a stay is itself neither a Constitutional right nor a statutory or procedural rule, but rather, an exercise of a court's considerable, though not unbounded, discretion. *See United States v. Mallavarapu*, No. CIV.A. 04-732, 2010 WL 3896422, at *6 (W.D. La. Sept. 30, 2010) (and cases cited therein). However, courts may, and routinely do, exercise this where related criminal proceedings are pending. *See generally id.*

### B. The Six Factors

In considering a motion to stay in this situation, a court must consider the following six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.

*Lee v. Ackal*, No. CV 15-00754, 2016 WL 1690319, at *2 (W.D. La. Apr. 25, 2016). Here, each factor militates in favor of a stay.

1.   Overlap

The similarity of issues is the most important threshold factor in determining whether to grant a stay. *See, e.g., Fabre v. Yoli*, No. CIV.A. 14-2220, 2015 WL 5773979, at *5 (E.D. La. Sept. 30, 2015). This case overlaps with the related criminal proceedings against White and Overby almost completely. Both cases are centered upon the alleged assault of Stevenson and the alleged involvement of White and Overby in that assault.

2.   Status of the Criminal Case

Criminal charges have apparently been filed against Officers White and Overby, and these matters remain open and unresolved. "Generally, a stay of a civil case is "most appropriate" when a party to the civil action has already been indicted for the same conduct." *Mod. Am. Recycling Servs., Inc. v. Dunavant*, No. CIV.A. 10-3153, 2012 WL 1357720, at *3 (E.D. La. Apr. 19, 2012). The ppendency of criminal charges increases the likelihood that defendants could make incriminating statements if forced to participate in civil discovery, thus implicating the Fifth Amendment and, typically, warranting a stay. *See Kinzler v. First NBC Bank Holding Co.*, No. CV 16-4243, 2021 WL 5280606, at *3 (E.D. La. Nov. 12, 2021). This factor weighs in favor of a stay.

3.   Plaintiff's Interests

Plaintiffs are the movants for the stay, acknowledging the discovery impediments already created by the pending criminal charges. By seeking the stay,

Plaintiffs concede that any prejudice caused by delay should not be a controlling factor.

### 4. Defendants' Interests and Burdens

No Defendant filed a written opposition to the stay. Meanwhile, proceeding in this civil lawsuit would effectively compel White and Overbey, criminal defendants in parallel proceedings, to participate in civil discovery related to the same conduct. This would force them to choose between fulfilling their civil discovery obligations and asserting their Fifth Amendment right against self-incrimination. And again, Plaintiffs have indicated that this tension has already impeded discovery. "A party claiming a Fifth Amendment privilege can constitute a special circumstance in which a stay is necessary to prevent a party from suffering substantial and irreparable prejudice." *Magee v. Lopinto*, No. CV 23-6709, 2024 WL 4891915, at *2 (E.D. La. Nov. 26, 2024) (internal citations and quotations omitted).

### 5. Judicial Interests

Given the pendency of the criminal proceedings, granting a stay serves judicial interests in judicial economy and expediency. Allowing criminal proceedings to be resolved first may also increase the prospects of settlement and may clarify any factual or legal issues resolved, for example, by collateral estoppel or res judicata. *See, e.g., Sec. & Exch. Comm'n v. Offill*, No. 07-1643, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008).

Furthermore, the Court has an interest in safeguarding the constitutional rights of criminal defendants and preserving the integrity of criminal proceedings,

which must be given substantial weight and balanced with the Court's interest in timely resolution of litigation:

> Granting a stay will undoubtedly delay the resolution of the civil action pending before this Court. However, the Court's interest in timely resolution of litigation does not outweigh the Court's interest in safeguarding the rights of all parties, including defendants to the pending criminal action.
>
> The danger posed to the fair administration of justice in the criminal action by allowing discovery to proceed in the civil action is significant. Legal issues are contextualized by facts and the Court's ruling on those issues would invariably require it to consider and comment upon the facts presented by both sides. In resolving any future dispositive motions, this Court would need to make determinations regarding questions of fact and law that could taint public perception or inadvertently tamper with witness recollection. The legal issues presented in a 12(b) motion do not exist in a vacuum, and the facts underlying the allegations in the Complaint and the assertion of Defendants' objections are inherently related to those facts at issue in the criminal investigation.

*Aaron v. Illinois Nat'l Ins. Co.*, No. CV 22-2070, 2022 WL 4311755, at *9 (E.D. La. Sept. 19, 2022) (internal citations, quotations, and edits omitted).

Accordingly, this factor also favors a stay.

### 6. Public Interest

"[T]he public has a well-deserved interest in seeing that criminal matters are handled thoroughly and expeditiously, without being compromised by concurrent civil matters." *Acad. Place, LLC v. Ryan*, No. CV 18-10881, 2019 WL 3974793, at *3 (E.D. La. Aug. 22, 2019). Administrative policy prioritizes criminal investigation and prosecution over a civil litigant's right to a prompt determination of civil claims. *Bernard v. Trujillo*, No. CV 21-4090, 2022 WL 266690, at *2 (W.D. La. Jan. 27, 2022) (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), *cert. denied*, 371 U.S.

955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963)). As such, this final factor, like the others, indicates that a stay is warranted.

### III. Conclusion

Because each relevant factor, and more broadly, the interests of justice, favor a stay of this proceeding pending resolution of the criminal prosecutions against White and Overby. And because the other pending motions – which are partially dispositive or discovery-related – will likely be affected, if not mooted, in the interim, those motions should also be denied without prejudice to Defendants' rights to refile them should the stay be lifted and should circumstances warrant.

Therefore, IT IS ORDERED that Plaintiffs' Motion to Stay Pending Resolution of Criminal Proceedings (ECF No. 41) is hereby GRANTED.

IT IS FURTHER ORDERED that this civil action is STAYED and ADMINISTRATIVELY CLOSED, including all discovery and motion practice, pending the resolution of criminal proceedings against Defendants Byron Oneal White and Frank Overbey III.

IT IS FURTHER ORDERED that within thirty (30) days of the conclusion of all criminal proceedings related to this matter, the parties shall file a joint motion, or separate motions if necessary, to either dismiss or reopen this civil action and lift the stay.

IT IS FURTHER ORDERED THAT, absent motions to dismiss or reopen, on or before September 26, 2025, and every 60 days thereafter, the parties will file a

joint Notice of Compliance stating the status of the parallel criminal proceedings and the parties' positions regarding the pendency of the stay.

SIGNED on Thursday, September 4, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE